**IN THE COURT OF APPEALS OF IOWA**

No. 24-1955
Filed December 17, 2025

**IN RE THE MARRIAGE OF CHELSEA JOANN ANDERSON
AND JON JOSEPH ANDERSON**

**Upon the Petition of**
**CHELSEA JOANN ANDERSON, n/k/a CHELSEA JOANN CARLSON,**
        Petitioner-Appellee,

**And Concerning**
**JON JOSEPH ANDERSON,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Michael Jacobsen,

Judge.


        A father challenges an order modifying the dissolution decree to grant his

former wife sole legal custody of their daughter.  **AFFIRMED**.


        Jon Joseph Anderson, Urbandale, self-represented appellant.

        Elizabeth Kellner-Nelson of Kellner-Nelson Law Firm, P.C., West Des

Moines, for appellee.


        Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**TABOR, Chief Judge.**

Jon Anderson contests a modification order granting sole legal custody of his ten-year-old daughter, I.R.A., to her mother Chelsea Carlson. He also challenges the limitations on his parenting time. Defending the order, Chelsea asks for appellate attorney fees.

After reviewing the record,[1] we find Chelsea met her burden to show a material and substantial change of circumstances to support modification. And granting her sole legal custody will better protect I.R.A.'s health and well-being. Thus, we affirm the modification order. But we deny Chelsea's request for appellate attorney fees.

Jon and Chelsea married in 2010 and divorced in 2017. In their stipulated divorce decree, the parties agreed to joint legal custody with Chelsea assuming physical care of then two-year-old I.R.A. and Jon having liberal visitation. Two years later, the parties agreed to change that custody arrangement. In a partial stipulation, Chelsea was given authority to make decisions about I.R.A.'s education, religious training, medical care, extracurricular activities, and other legal matters. Jon was required to attend therapeutic sessions with I.R.A. and her therapist, before starting supervised visits. The district court accepted their partial stipulation.

---

[1] Our review of an order modifying custody is de novo. *See In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2014). Although we give weight to the fact findings of the district court, especially on witness credibility, we are not bound by them. *See In re Marriage of Brown*, 778 N.W.2d 47, 50 (Iowa Ct. App. 2009). Our paramount consideration is the best interests of the child. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015).

Then in April 2024, Chelsea moved to again modify the decree, asking for sole legal custody. As changed circumstances, she alleged that since the 2019 modification, Jon has (1) "repeatedly violated the legal custody provisions," (2) "harassed medical providers to the extent that medical staff and providers have felt unsafe" and warned that if his behaviors continued they could no longer see I.R.A. as a patient, and (3) violated a criminal no-contact order. Chelsea also cited a 145-page motion that Jon filed accusing attorneys, peace officers, and judges of fraud and misconduct. She alleged that his "current mental health and paranoid behaviors" were detrimental to I.R.A.

After a modification hearing, the district court granted Chelsea's request for sole legal custody. As the court noted, "in essence the partial stipulation must be looked at as granting Chelsea sole legal custody. The court cannot unbundle custodial rights." *See In re Marriage of Frazier*, 1 N.W.3d 775, 779 (Iowa 2024). But the court decided that in this proceeding, Chelsea "should be clearly granted sole legal custody."

> Since the last modification there has been a substantial change of circumstances not in the contemplation of the court. Jon has been held in contempt of court for violating no contact/protective orders, he has interfered with Chelsea's medical decision making on behalf of I.R.A., and he has failed to make sure I.R.A. takes her prescribed medication. Additionally, Jon has inappropriately communicated his feelings about Chelsea to I.R.A. causing I.R.A. to blame Chelsea, call her a liar, and call her names. Jon's actions have adversely affected I.R.A. causing her to have nightmares, to act out against her mother, and not want to take her prescribed medication.

The court allowed Jon to have unsupervised parenting time but decided that it was in I.R.A.'s best interests to stop overnight visits.

Jon appeals the 2024 modification order. Representing himself, he argues that the 2019 modification was contrary to *Frazier*, where our supreme court

explained that when the district court grants one parent a greater share of the legal rights listed in Iowa Code section 598.1(3), the award is sole rather than joint legal custody. *Id.* From there, he argues that he was improperly "punished" for violating that "void order." But Jon is not appealing from the 2019 order accepting the partial stipulation. And neither his criminal nor his contempt cases are before us here. As Chelsea argues in her appellee's brief, Jon's remedy to challenge those rulings would have been timely appeals in those cases. *See* Iowa R. App. P. 6.103(1), 6.104(1)(a). Now we can only consider the November 2024 modification order.

After scrutinizing the record, we uphold that order. "A party who seeks a modification of a dissolution decree must establish by a preponderance of the evidence that there has been a substantial change in circumstances since the entry of the decree or its last modification." *In re Marriage of Jacobo*, 526 N.W.2d 859, 864 (Iowa 1995). Nothing in Jon's brief contests the change in circumstances. Even if it did, we find that Chelsea met her burden. Jon's interference with I.R.A.'s health care and his inappropriate discussions with her, which caused the child to feel distress and to act out, were actions sufficient to trigger the modification. *See In re Marriage of Karas*, No. 20-1424, 2021 WL 2708994, at *3 (Iowa Ct. App. June 30, 2021) (concluding that an escalation in the child's behavioral challenges constituted a substantial change in circumstances).

As for sole legal custody, we recognize that our state favors joint custody "because, properly tailored to the parties' circumstances, joint custodial arrangements will often go a long way toward encouraging both parents to share the rights, responsibilities, and frequently joyful and meaningful experiences of

raising their children." *In re Marriage of Weidner*, 338 N.W.2d 351, 359 (Iowa 1983). But a parent can overcome that preference with "clear and convincing evidence . . . that joint custody is unreasonable and not in the best interest of the child." Iowa Code § 598.41(2)(b) (2024). Chelsea made that showing. Joint legal custody was neither reasonable nor in I.R.A.'s best interests. For example, the parents did not communicate effectively about their daughter's needs, and Jon did not support Chelsea's relationship with I.R.A. *See* Iowa Code § 598.41(3)(c), (e). So, for the reasons stated, we affirm the district court's order without further opinion. *See* Iowa Ct. R. 21.26(b), (d), and (e).[2]

Finally, we consider Chelsea's request for appellate attorney fees. Because she prevailed, we have discretion to grant her request. *See* Iowa Code § 598.36; *In re Marriage of Kisting*, 6 N.W.3d 326, 338 (Iowa Ct. App. 2024) ("An award of appellate attorney fees is not a matter of right but rests in this court's discretion."). In exercising this discretion, we consider the parties' respective abilities to pay, the relative merits of their positions, and whether the requesting party was required to defend the district court's decision on appeal. *Kisting*, 6 N.W.3d at 338. In her request for fees, Chelsea does not assert that Jon has a greater ability to pay. And the record does not show that he does. We thus decline her request for appellate attorney fees. But Jon shall pay the costs of this appeal.

**AFFIRMED.**

---

[2] Beyond those observations, we have considered each of Jon's arguments, even if not addressed explicitly in this opinion, and conclude either that they lack merit or that we lack jurisdiction to reach them.